UNITED STATES of America ex rel. Dietrich FOERSTE in Behalf of Paula Foerste, Relator-Appellant, v. Rudolph REIMER, Commissioner of Immigration at the Port of New York, Respondent-Appellee.

No. 489.

Circuit Court of Appeals, Second Circuit.

July 1, 1935.

Gaspare M. Cusumano, of New York City, for appellant.

F. W. H. Adams, U. S. Atty., of New York City (Malcolm A. Crusius, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Order affirmed.

WATKINS-WHITNEY, a Corporation, Plaintiff in Error, v. W.. Frank THYSON, Jr., Smith Bowman, Jr., Trading as Bowman & Thyson, a Partnership, and John H. Smith.

No. 6388.

United States Court of Appeals for the District of Columbia.

Argued April 9, 1935.

Decided June 24, 1935.

Charles D. Council, of Washington, D. C., for plaintiff in error.

Aubrey St. C. Wardwell, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This is a controversy concerning a paint bill of $203 brought here by writ of error to the municipal court of the District of Columbia.

The paint was admittedly furnished by the plaintiff below to a subcontractor on a remodeling operation; the subcontractor defaulted; his work was finished by the general contractor at a loss; the seller brought suit against both, alleging that the general contractor had agreed to see him paid out of retained percentages accruing to the subcontractor or otherwise —all of which, as alleged, the general contractor denied.

The trial court, after considering the building contract and hearing five witnesses, decided the facts and the law in favor of the general contractor, gave judgment for him as against the seller, though apparently entering no judgment against the subcontractor.

The case as brought here presents questions involving the Statute of Frauds, alleged original promises of the general contractor and the application of any retainable percentages accruing to the subcontractor, all of which have been considered, and we are of opinion that the judgment of the municipal court was correct, and it is therefore affirmed.

Affirmed.